IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. C-12-777SS(2) |
| | § | |
| SABRINA FLORES | § | |

## ORDER ACCEPTING GUILTY PLEA

Now before the Court is the Findings and Recommendation of the United States Magistrate Judge B. Janice Ellington containing her recommendation (1) that this Court adopt her findings that the Defendant's guilty plea in the above-styled and numbered cause was knowingly and voluntarily entered, with a full understanding of the consequences of the plea and the constitutional rights being waived, and that the plea was supported by an adequate basis in fact; (2) that the Court accept the Defendant's guilty plea; and (3) that the Court adjudge the Defendant guilty of the offense charged in Count Three of the Indictment. (D.E. 56)

On December 7, 2012, the Magistrate Judge, by designation and referral of this Court (pursuant to the authority of 28 U.S.C. § 636(b)(3) and this Court's standing order of referral) and with the consent of the parties, conducted the re-arraignment and guilty plea colloquy of the Defendant, Sabrina Flores. The Indictment charged the Defendant with having committed the following offense:

> From on or about August 1, 2012 to on or about September 24, 2012, in the Corpus Christi Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, Defendant,
>
> Sabrina Flores,

> did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved less than twenty-eight (28) grams of a mixture or substance containing cocaine base (also known as crack cocaine), a Schedule II controlled substance.
> In violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C).

(D.E. 43.) After being placed under oath and advised of the charge against her, as well as her right to a jury trial and the consequences of entering a plea of guilty, the Defendant entered a plea of guilty to Count Three of the Indictment.

More than fourteen days have passed since the parties, respectively, were served with the Magistrate Judge's Findings and Recommendation, and no party has filed objections. The Court regards such omission as the parties' agreement with and acceptance of the Magistrate Judge's findings. When no timely objection to a magistrate judge's findings and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's findings and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)); *United States v. Rivas*, 85 F.3d 193, 194 (5th Cir. 1996).

In the case at hand, the Court is of the opinion that the Magistrate Judge's Findings and Recommendation is supported by the record and that there is no clear error. Furthermore, the Court finds that the Defendant, Sabrina Flores, is fully competent and capable of entering an informed plea; that she is aware of the nature of the charge made against her, the consequences of her plea, and the nature of the constitutional rights that she is waiving; that her plea of guilty is a knowing and voluntary plea that did not result from force, threats, or promises (other than promises in a plea agreement); and that it is supported by an independent basis in fact containing each of the essential elements of the offense with which she is charged.

**THEREFORE**, the Court **ADOPTS** the Magistrate Judge's findings as its own, **ACCEPTS** Defendant's plea of guilty, and **ADJUDGES** the Defendant, Sabrina Flores, guilty as charged in Count Three of the Indictment.

**ORDERED** this 11th day of January 2013.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**